PEDRO FIGUEROA, demandante y apelado, *v.* PRIMITIVO BONILLA y ELADIO MITCHELL, demandados y apelante el primero.

Núm. 7018.—*Sometido:* Mayo 6, 1936. *Resuelto:* Mayo 25, 1936.

*Luis Mercader,* abogado del apelante; *M. Bahamonde,* abogado del apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Primitivo Bonilla sufrió un accidente mientras trabajaba como empleado de Eladio Mitchell, a quien demandó, exigiéndole la correspondiente indemnización. Para asegurar la efectividad de la sentencia embargó Bonilla una máquina de caballitos y una estrella giratoria como propiedad del demandado. Una vez trabado el embargo, Pedro Figueroa presentó demanda de tercería, alegando ser dueño exclusivo de los bienes referidos. Contestó Bonilla que Eladio Mitchell se confabuló con Figueroa para traspasarle los bienes sin que hubiera ninguna trasmisión efectiva ni consideración de índole alguna. Planteada así la contienda, procedióse a la celebración del juicio. La corte inferior resolvió que los bienes embargados por Primitivo Bonilla eran, en la fecha del embargo, de la propiedad del tercerista Pedro Figueroa, quien los adquirió el 23 de agosto de 1933, o sea tres días antes del accidente que le ocurrió a Bonilla, según aparece de la escritura sobre compraventa y arrendamiento de bienes muebles, otorgada en Ponce ante el notario Rafael Muñoz.

De esta sentencia apeló el demandado en tercería Primitivo Bonilla, alegando que la corte inferior cometió un error grave y manifiesto al apreciar la prueba, sosteniendo que el tercerista probó su título a los bienes muebles embargados por Bonilla. Entiende el apelante que debió haberse dictado sentencia declarando sin lugar la demanda de tercería, con imposición de costas al demandante.

██ La única cuestión a decidir en este caso es si hubo o no prueba bastante para destruir el alegado título del tercerista. Se ofreció como prueba la escritura en virtud de la cual Eulalio y Ramón Mitchell aparecen trasmitiendo a Pedro Figueroa el dominio de los bienes embargados por la cantidad de $1,000 que confesaron los vendedores haber

recibido con anterioridad de manos del propio comprador. Esta escritura, como hemos visto, aparece otorgada en 23 de agosto, que fué miércoles. El 26 de dicho mes, que fué sábado, sufrió Bonilla el accidente que antes hemos mencionado. La corte inferior advierte que esta compra y arrendamiento hechos pocos días antes del referido accidente parece sospechosa, pero que la jurisprudencia es abundante en el sentido de que cuando se alega que en una transacción hubo fraude, la prueba tiene que ser robusta, clara y terminante, ya que el fraude nunca se presume ni puede establecerse mediante conjeturas.

Pedro Bonilla no ataca en su contestación el otorgamiento de la escritura pública que aparece autorizada por el notario Rafael Muñoz el 23 de agosto de 1933. No impugna el demandado la fecha del documento, limitándose a decir que el referido traspaso constituye una simulación y confabulación entre los supuestos contratantes sin que mediase causa alguna. Añade que el tercerista es persona insolvente, sin bienes ni propiedad alguna a la hora del simulado traspaso.

Ahora bien, la simulación o confabulación para defraudar a Primitivo Bonilla no puede existir si la escritura de traspaso fué realmente otorgada en 23 de agosto de 1933, porque para esa fecha el referido demandado no tenía ningún derecho de acción contra el vendedor Eulalio Mitchell. Esta fecha, como ya hemos dicho, no ha sido atacada. De manera que hay que descartar por completo la intención del fraude para limitarnos a considerar la cuestión que se relaciona con la ausencia de causa para la celebración del referido contrato.

Además de la escritura ofreció el tercerista su propio testimonio para probar el dominio de los muebles embargados. Declara que en la fecha en que se trabó el embargo estos bienes eran de su exclusiva propiedad; que los adquirió por compra a Eladio Mitchell mediante escritura pública, previo pago de la cantidad de $1,000; que los bienes consistían de una estrella giratoria y una "machina" de caballitos; que la compra se hizo en 23 de agosto de 1933 por compra a Eladio

y Ramón Mitchell, y que los Mitchell le habían cogido prestados $275 por primera vez; que el día de la venta les entregó $600 y pico; que el pico ascendía a $64 o algo así; que el notario no vió el dinero; que éste estaba haciendo su operación de la escritura cuando entregó dicho dinero; que hizo un arrendamiento de los bienes al mismo tiempo de hacer el contrato de compraventa; que los Mitchell en dicho contrato de arrendamiento se comprometieron a pagarle $50 mensuales por el uso de los bienes; que hacía 21 años que trabajaba como *chauffeur* de Antonio Ferrer; que antes ganaba $25 y $5 diarios de dieta; que recibe dicha dieta cuando está en la isla; que siempre está en la isla; que es soltero, y que su familia consiste de una hermana y un nene; que paga $15 mensuales de casa; que gasta en la casa casi todo lo que gana y parte de la dieta; que desde el año 1918 tiene automóviles públicos, y que siendo el mayor de la familia, administra las casas de su abuelo; que todos los años en la casa donde trabaja le dan algún dinero de propina; que este año le dieron $78.

La prueba del demandado tiende a demostrar que Eladio Mitchell era dueño de esos bienes. No hay duda alguna de que lo fué exclusivamente o en unión de su hermano antes de ocurrir el accidente. La cuestión a resolver, sin embargo, es si Mitchell, para la fecha en que ocurrió ese accidente, se había desprendido o no de sus derechos de propiedad sobre los referidos bienes. El demandado alega falta de causa en el contrato que aparece celebrado. La corte inferior, juzgando insuficiente la prueba para concluir que no la hubo, declaró con lugar la demanda y sostuvo los derechos del tercerista a los bienes embargados. Aunque nos explicamos la actitud del demandado en relación con las circunstancias que concurren en este caso, no nos sentimos autorizados para revocar el fallo apelado, dadas las cuestiones planteadas, la prueba producida y la forma en que ha sido establecida la controversia.

*Debe confirmarse la sentencia apelada.*